NICOLAS B. MARTINEZ,          )
                             )
          Plaintiff,          )
                             )
          v.                )        CAUSE NO. 4:13-CV-12 WL
                             )
LAFAYETTE POLICE DEPARTMENT, *et al.*,   )
                             )
          Defendants.      )

## OPINION AND ORDER

Nicolas B. Martinez, a *pro se* prisoner, filed an amended complaint under 42 U.S.C.

§ 1983. (DE 9.) Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a

prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

1915A(a), (b). To survive dismissal, the complaint must state a claim for relief that is plausible

on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603.

In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of

an imaginative reader, *might* suggest that something has happened to her that *might* be redressed

by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Nevertheless, a *pro se* complaint "must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Mr. Martinez claims that two officers from the Lafayette Police Department

violated his rights in connection with his arrest and the seizure of his truck on August 28, 2011.

The events giving rise to the suit began in February 2011, when Mr. Martinez was arrested on drug charges by Lafayette police. He subsequently posted bond and was released from jail. On August 19, 2011, while out on bond, he was accused of being involved in a hit-and-run accident. He was arrested and his truck impounded. He was later released on his own recognizance, and also regained possession of his truck after paying various fees.

According to the complaint, on August 23, 2011, a prosecutor in Tippecanoe County initiated probation revocation proceedings against Mr. Martinez (apparently due to the above incidents), and filed an application for an arrest warrant. On this point the complaint is somewhat confusing, but Mr. Martinez appears to claim that due to a clerical error, the judge mistakenly reissued the warrant on the drug charges, rather than issuing a warrant on the probation revocation charge. A warrant for his arrest was issued on August 28, 2011. Later that same day, he was helping his girlfriend move into her new apartment, when Lafayette Police Officers Regnerus and Withers (first names unknown) arrived and informed him they had a warrant for his arrest on drug charges. They also informed him they would be seizing his truck, which was parked in the building lot, because it had been involved in hit-and-run accident a few weeks earlier. Mr. Martinez claims he told them the truck had already been impounded because of the hit-and-run, but one of the officers reportedly responded, "I don't care, I'm taking it anyway." Mr. Martinez claims he also told the officers he thought the warrant was in error, because he had already been arrested and posted bond on the drug charges. He asked them to "check it again" but they allegedly refused. He was then arrested and his truck impounded. He claims that the officers violated his rights by falsely arresting him and improperly seizing his truck without a warrant, causing him financial losses and emotional distress.

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. To prevail on a claim of false arrest in violation of the Fourth Amendment, the plaintiff must show that he was arrested without probable cause. *Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011). Probable cause exists if at the time of the arrest, the facts and circumstances within the officer's knowledge "are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed. . . an offense." *Id.* (internal citation omitted). Probable cause to arrest a suspect for any offense, even one occurring outside the officer's presence, bars liability for false arrest. *Brooks v. City of Aurora*, 653 F.3d 478, 484–86 (7th Cir. 2011). Furthermore, when an officer acts in good faith within the scope of a warrant, "he has engaged in no official misconduct" even if the arrest is later deemed to be unlawful. *Lawson*, 637 F.3d at 703. "In such a case, the magistrate's issuance of the warrant shields the officer from liability for the illegal arrest," unless the officer knowingly made false statements to obtain the warrant. *Id.*

Here, Mr. Martinez alleges that the judge made a technical error in issuing the arrest warrant. However, the error cannot be attributed to the arresting officers, since they did not obtain the warrant or have any involvement in its issuance. Although Mr. Martinez complains that the officers did not "check again" when he told them he thought the warrant was for the wrong charge, there is nothing to indicate they could have discerned from the warrant itself or other available records that the warrant contained a clerical error. Moreover, Mr. Martinez does

3

not dispute that there was probable cause to arrest him on the probation violation charge, had the clerical error not been made. Under these circumstances, he has failed to state a plausible claim against the officers for false arrest.

Mr. Martinez also appears to complain that when the officers arrested him, they listened to his cell phone messages without his permission. An officer conducting an arrest has a right to conduct a "full search of the person," including looking for evidence of the arrestee's crime to preserve it for use at trial. *United States v. Robinson*, 414 U.S. 218, 235 (1973). This includes searching the contents of a cell phone or pager. *See United States v. Ortiz*, 84 F.3d 977, 984 (7th Cir. 1996) (upholding search of contents of pager); *see also United States v. Pineda-Areola*, 372 Fed. Appx. 661 (7th Cir. Apr. 6, 2010) (upholding search of cell phone); *United Sates v. Finley*, 477 F.3d 250, 258-60 (5th Cir. 2007) (upholding search of call records and text messages on cell phone). Here, as far as the officers knew, Mr. Martinez was accused of drug-dealing, and it was not unreasonable for them to listen to his cell phone messages in search of evidence of this crime. There is no indication they found anything incriminating or that any evidence from the cell phone was used against him in the criminal proceeding; his mere objection to this intrusion into his privacy does not state a plausible Fourth Amendment claim.

Mr. Martinez also alleges that the officers acted improperly in impounding his vehicle without a warrant. The standard for whether a seizure survives constitutional scrutiny is reasonableness, not merely whether the officers had a warrant. *Soldal v. Cook County*, 506 U.S. 56, 70 (1992). So long as the officers had probable cause to believe there were grounds for seizing the truck, the Fourth Amendment was not violated. *See Florida v. White*, 526 U.S. 559 (1999). Here, the officers had information that the vehicle was involved in a hit-and-run

accident. The officers were lawfully on the property to execute the arrest warrant, and they were entitled to seize the vehicle which was in plain view. *See United States v. Brown*, 79 F.3d 1499, 1508 (7th Cir. 1996). Accordingly, he does not allege a plausible Fourth Amendment claim for unlawful seizure.

Mr. Martinez lists three other defendants in the caption—the Lafayette Police Department, the City of Lafayette, and Tippecanoe County—although it is not clear whether he intended to sue these entities, since he does not list them in the body of the complaint. (*See* DE 9 at 3.) Regardless, they must be dismissed. The Lafayette Police Department is not a suable entity under state law and thus cannot be sued for constitutional violations. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). The City and County cannot be held liable simply because they employed the officers involved, *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001), and Mr. Martinez does not allege that either one had an unconstitutional official policy or custom that caused his injury. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Finally, to the extent Mr. Martinez is trying to assert state law claims in his complaint, the court declines to exercise jurisdiction over such claims since the federal claims are being dismissed. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)."). The court offers no opinion about the merits of any potential claim he may have under state law, although this order does not preclude him from pursuing such claims in state court if he so chooses.

For these reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: May 1, 2013

                                     s/William C. Lee
                                    William C. Lee, Judge
                                    United States District Court